```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/14/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------X
UNITED STATES OF AMERICA             :
                                     :
    -against-                        :    No. 18 Cr. 529 (JFK)
                                     :
CIMMIE WRIGHT,                       :    **OPINION & ORDER**
                                     :
                Defendant.           :
--------------------------------------X

APPEARANCES

FOR DEFENDANT CIMMIE WRIGHT:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Mollie Bracewell, Elinor Tarlow, Jacob Gutwillig, U.S.
    ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a pro se motion by Defendant Cimmie Wright seeking a sentence reduction and his immediate release due to the COVID-19 pandemic. Wright brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Wright's motion arguing that the 18 U.S.C. § 3553(a) sentencing factors do not warrant a reduction in his sentence.

For the reasons set forth below, Wright's motion is DENIED.

**I. Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Wright's Presentence Investigation Report ("PSR"), dated December 27, 2019, and the transcripts of Wright's October 10, 2019 plea (ECF No. 51) and

1

January 15, 2020 sentencing ("Sent. Tr.", ECF No. 60).  In ruling on Wright's request, the Court has considered the arguments advanced in his pro se motion (ECF No. 75), the Government's letter in opposition (ECF No. 78), and Wright's reply (ECF No. 81).

On October 10, 2019, Wright pleaded guilty to conspiracy to violate the Travel Act, 18 U.S.C. § 1952(a).  (PSR ¶¶ 2, 4.)  The charges stemmed from Wright's participation in a child exploitation and human trafficking conspiracy, which included Wright's recruiting of a 14-year-old female to engage in prostitution on his behalf and his assistance posting online advertisements of the victim and helping her find locations to engage in prostitution.  (Id. ¶¶ 10, 21-23.)  Wright collected approximately one-half of the proceeds the victim earned from engaging in commercial sex acts.  (Id. ¶ 23.)

Wright's sentencing occurred on January 15, 2020, during which the Court found a Guideline offense level of 25 and a Criminal History Category of I, which resulted in a Guidelines sentencing range of 57-60 months' incarceration.  (Sent. Tr. at 13:20-14:2.)  Before imposing sentence, the Court noted Wright's "very serious [criminal] conduct . . . I view it as extremely serious."  (Id. at 12:20-23.)  The Court also noted Wright's "very minor criminal record" and his "unusually difficult childhood."  (Id. at 12:10-13, 13:3-7.)  "[M]any defendants have

2

tough childhoods," the Court observed.  (Id. at 13:6.) Wright's, however, "was unusually tough.  His mother was a terrible drug addict when she bore him.  He was born with [narcotics] in his system.  He's been an addict for years, using all kinds of drugs.  [And h]e suffered lead poisoning when he was only five years old as a result of a fire in the apartment next to where he was living."  (Id. at 13:6-12.)  Accordingly, the Court sentenced Wright to a below-Guidelines 51-month term of incarceration to be followed by two years' supervised release.  (Id. at 14:12-19.)  To date, Wright has served approximately 28 months of his sentence.  He is scheduled for release on July 25, 2022. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 9, 2021).

On December 21, 2020, Wright filed a pro se motion requesting a reduction in sentence and his immediate compassionate release.  (ECF No. 75.)  Wright's motion explained that he suffered from certain health issues—namely, pre-diabetes, certain pulmonary and respiratory issues, and obesity—and he was deeply worried about his well-being should he contract the coronavirus, COVID-19.  The Court ordered the Government to respond, and on January 13, 2021, the Government opposed Wright's request on the grounds that his immediate release would be inappropriate under the sentencing factors set

forth in 18 U.S.C. § 3553(a).  (ECF No. 78.)  On March 5, 2021, Wright filed a letter requesting appointment of counsel.  (ECF No. 79.)  The Court denied the request because Wright's original motion included a memorandum of law of approximately 14 pages and the Government had already filed its opposition to Wright's motion.  (ECF No. 80.)  On March 26, 2021, Wright filed a reply in which he reiterated his request for immediate release and attached a decision by a court in this district, United States v. Deleon, No. 16 Cr. 670 (KMW), 2020 U.S. Dist. LEXIS 86975 (S.D.N.Y. May 17, 2020),[1] that granted a defendant's request for compassionate release.  (ECF No. 81.)

**II.  Discussion**

**A.  Legal Standard**

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18

---

[1] This decision does not appear in the Westlaw database.

4

U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the [Bureau of Prisons], the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community. Rather, the Court may "consider the full

5

> slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19, and it has, on very limited occasions, modified an incarcerated defendant's sentence for such reasons. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to medically "high risk" and non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying release to non-violent 43-year-old with obesity, liver disease, and high-blood pressure). Nevertheless, after considering the 3553(a) factors in this case, the Court is not persuaded that extraordinary and compelling reasons exist to

6

reduce Wright's sentence.  Accordingly, Wright's motion must be denied.  See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

First, Wright has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified.  Wright is 26 years old—significantly younger than the Centers for Disease Control and Prevention's ("the CDC") former high-risk cutoff age of 65.  And, although his medical records reflect that he suffers from obesity—specifically, a body mass index (BMI) of 31.3—Wright does not suffer from severe obesity (defined as a BMI of 40 or more) or other sufficiently serious health conditions looked to by courts in this context, such as cancer or immunocompromization. See People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Apr. 9, 2021) see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19."); United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL

7

3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"); cf. Deleon, 2020 U.S. Dist. LEXIS 86975, at *7 (granting release to 33-year-old with a compromised immune system whose medical vulnerabilities included obesity as well as acute asthma, diabetes, hypertension, pericarditis (inflammation of the fibrous sac surrounding the heart), and susceptibility to certain viruses, all of which placed her "in the category of high-risk individuals for whom infection with COVID-19 is potentially lethal").

Second, and decisive here, even if Wright's health risks and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early release. Here, the factors that weigh in Wright's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C.

8

§ 3553(a). For the same reasons that necessitated Wright's 51-month term of incarceration, which were discussed at his sentencing and are incorporated by reference here, the Court finds that modifying Wright's imprisonment when he has served little more than one-half of that already-lenient sentence would disserve the above important sentencing factors. Accordingly, Wright's motion is denied. Cf. Mood, 2020 WL 3256333, at *2; Kerrigan, 2021 WL 793880, at *4.

### III. Conclusion

For the reasons set forth above, Defendant Cimmie Wright's motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 75.

**SO ORDERED.**

Dated:  New York, New York
        April 14, 2021

_____
John F. Keenan
United States District Judge